IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD E. GRANT,

    Petitioner,                  No. Civ. S-90-0779 DFL JFM

    v.

                                  Opinion and Order
                                  DEATH PENALTY CASE

JILL BROWN, Warden, et al.,

    Respondents.
_____/

    Petitioner Richard E. Grant was convicted of the first degree murder of Edward Halbert and sentenced to death. The conviction and sentence were affirmed by the California Supreme Court. See People v. Grant, 45 Cal.3d 829 (1988). Grant seeks to set aside the conviction and sentence under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge for Findings and Recommendations. See L.R. 72-302(17). The magistrate judge held an evidentiary hearing on certain of petitioner's claims. On November 15, 2004, the magistrate judge filed exhaustive Findings and Recommendations. Both sides filed

1

objections, and responses to objections, in May and June 2005. The court has conducted a de novo review of all issues as to which objection is made.

The Findings and Recommendations are 205 pages long and comprehensively address every issue and aspect of this case. There is no point in repeating what already is so well stated in the Findings and Recommendations. The magistrate judge rejected all claims except claims 4N1 and 4P, addressing ineffective assistance of counsel at the penalty phase.[1] The magistrate judge recommends that the death sentence be set aside because of defense counsel's failure to present mitigation evidence of Grant's mental illness and social history, including an abusive upbringing.

Despite the daunting length of the Findings and Recommendations, and the associated record, the colorable claims in this case are not particularly complex. Defense counsel's handling of the penalty phase was off the charts. He called two witnesses in mitigation, each of whom gave the briefest possible testimony which in toto was as harmful as helpful. Therefore, it is fair to say that defense counsel offered nothing in

---

[1] Claim 4N1 alleges that defense counsel was ineffective for failing to further investigate and present evidence of Grant's history of mental illness and his social and medical background, including his abusive upbringing, repeated suicide attempts, brain damage, and drug and alcohol abuse. Claim 4P alleges that defense counsel was ineffective by failing to mitigate the prosecution's evidence of other crimes with evidence of Grant's mental illness. Without such evidence, defense counsel was left with no defense and repeatedly commented that there was "no excuse" for petitioner's bad conduct.

2

mitigation. Yet counsel had in his possession, or could easily have obtained, evidence of Grant's abusive childhood, serious mental illness, and substance abuse. His decision not to offer any of this evidence, when he had nothing else to offer, was ineffective and prejudicial.

According to defense counsel, he did not offer evidence of Grant's abusive childhood because it might have permitted the prosecutor to offer evidence that, as an 18 or 19 year old, Grant allegedly had sodomized his younger brothers. But counsel never made a motion to exclude this evidence, and it appears from the record that such a motion could well have succeeded.[2] Indeed, counsel never took steps to determine whether there was any truth to the accusation by contacting the brothers or interviewing Grant's mother. Given that counsel had no other mitigating evidence to offer, it was incumbent upon him to do more. A tactical decision of such consequence, made with such fecklessness, is not entitled to deference.[3]

Respondents also make much of Grant's belligerence during his mental examination by the respondents' experts. The court concurs with the magistrate judge's finding that the experts

---

[2] See Findings and Recommendations at 42 n.25, 48.

[3] Defense counsel tried unsuccessfully and belatedly to offer evidence of Grant's mental illness at the penalty phase. He was unable to reach the psychiatrist whom he had hired for the guilt phase, and had not made sufficient provision for his use at the penalty phase. He failed to ask the trial court for the appointment of another psychiatrist. Thus, counsel's "tactical" decision was not even tactical; it was simply the product of poor planning. See Findings and Recommendations at 26.

3

could have done more to successfully examine Grant.  However, surely the overall finding of ineffective representation does not depend on whether or not respondents' experts could have offered a more effective rebuttal of petitioner's evidence of mental illness had Grant been more cooperative.  Even assuming this to be the case, defense counsel's decision not to offer any evidence whatsoever of Grant's mental illness – given the extensive record of it – or any evidence of his social history – particularly his dysfunctional upbringing by abusive, irresponsible parents – in a circumstance in which there was no other mitigating evidence, was not justifiable.  The extensive record of serious mental illness, coupled with the abusive upbringing and the failure to offer any mitigating evidence, is sufficiently compelling to satisfy the prejudice requirement under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), even assuming that respondents' experts would have raised questions about the extent of Grant's mental illness and that some of the evidence may have cast Grant in an unfavorable light.

Accordingly, upon de novo review, the court adopts the Findings and Recommendations as to claims 4N1 and 4P.

The court also adopts the Findings and Recommendations as to the following claims, except as specifically noted:

    1A/B/C: Incompetence of psychiatric expert;

    2A/B/C and 4B: Court erred in failing to find that petitioner was incompetent; counsel was ineffective in failing to request a competency hearing.  However, the court declines to adopt the finding and recommendation at page

4

134, lines 2-21, in which the magistrate judge finds that defense counsel was unreasonable in failing to seek a competency examination during the penalty phase. The evidence is not sufficient to overcome the deference due to counsel's judgment, based on his own interactions with petitioner, that petitioner understood the proceedings and was able to assist counsel;

3: Decision to testify was involuntary;

4A: Counsel's failure to obtain adequate psychiatric opinion at guilt phase;

4C: Counsel's failure to seek second counsel;

4D: Counsel's failure to move for severance of the two murder charges;

4E: Counsel's failure to conduct adequate voir dire;

4F: Counsel's failure to request separate guilt and penalty juries;

4G2: Counsel's failure to impeach Wilson;

4H: Counsel's failure to present self-defense evidence concerning the Halbert killing;

4I: Counsel's failure to investigate Halbert's van;

4J: Counsel's failure to request autopsy report;

4K: Counsel's failure to request diminished capacity instructions;

4L/S: Counsel's ineffective assistance results in cumulative prejudice;

4M: Counsel's failure to challenge San Bernardino murder conviction;

4N2a/2b: Counsel's failure to investigate/impeach as to Durant, Walker, and Kingrey incidents;

4N2c: Counsel's failure to impeach Sines;

4N3: Counsel's failure to present evidence of Halbert's threats and violent tendencies;

4N4: Counsel's failure to present evidence of moral

5

justification for killing Halbert;

4O: Counsel's failure to obtain discovery concerning Bosenko incident;

4Q: Counsel's failure to request jury instructions on elements of unadjudicated crimes;

4R: Counsel's failure to object to biblical references;

5: Counsel's financial conflict of interest;

6: Counsel's conflict of interest re Durant;

7: Counsel's conflict of interest as a former prosecutor;

8A/B: Prosecutor failed to disclose benefits given to Kingrey and Durant;

8C: Prosecutor failed to correct Durant's testimony;

8D: Prosecution destroyed records that had been subpoenaed;

8E: Prosecutor failed to disclose evidence re Bosenko matter;

8F/G: Prosecution failed to preserve evidence;

9A: Court erred in denying motion to change venue;

9B: Counsel's failure to conduct adequate voir dire re pretrial publicity;

10: Court erred in denying continuance;

11A/B: Court erred in permitting evidence of Grant's admission to Detective Malmberg and Sergeant McDannold;

12A/B: Insufficient evidence of first degree murder;

13: Court erred in failing to give diminished capacity instructions;

14: Court erred in giving an incomplete malice instruction;

15: Instructional error as to reasonable doubt instruction;

16: Invalid waiver of right to be present;

17/18: Prosecutor failed to disclose juror misconduct;

19A/B: Court erred in failing to empanel separate guilt and penalty phase juries;

20: Court erred in admitting testimony that Grant wanted the death sentence;

21: Prosecutor failed to provide notice and evidence of an aggravating circumstance;

22: Court erred in admitting George's testimony;

23: Court erred in permitting evidence of jail-made knife possessed by petitioner and his threat on Bosenko;

24: Court erred in permitting evidence of petitioner's unadjudicated criminal activity;

25: Court erred in permitting evidence of subsequent convictions as aggravating factor;

26: Court erred in not holding a preliminary hearing re admissibility of unadjudicated criminal conduct;

27: Cumulative prejudice from errors in admitting evidence of other crimes;

28: Prosecutor improperly referred to the Bible;

29: Court erred in forbidding defense counsel from reading newspaper article;

30: Petitioner is mentally retarded and cannot be executed under Atkins v. Virginia, 536 U.S. 304 (2002);

31A: Instructional error alleged as to CALJIC No. 8.84.2;

31B: Instructional error alleged as to sentencing factor (k);

31C: Instructional error alleged as to inclusion of irrelevant aggravating and mitigating factors;

31D: Instructional error alleged as to failure to instruct that some factors are only mitigating;

31E: Instructional error alleged as to failure to tell jury that guilt phase instruction on pity was not applicable to penalty phase;

31F: Court erred in not requiring written findings from

jury, in failing to give unanimity and burden of proof instruction;

31G: Instructional error alleged as to failure to instruct on elements of unadjudicated offenses;

31H: Instructional error alleged as to failure to instruct jury not to count the Floyd murder aggravating factor more than one time;

31I: Instructional error alleged as to failure to give two requested instructions;

32: Jury misconduct in considering possibility of petitioner's release if he received a life sentence;

33: Inaccurate death verdict;

34: California Supreme Court failed to conduct proportionality review;

35: California Supreme Court did not afford petitioner due process in its handling of his appeal and habeas claims;

36: Prolonged confinement under sentence of death violates the Eighth Amendment and international law. The court adopts the Findings and Recommendations as to claim 36 with one exception. The magistrate judge recommends that the court decline to decide whether, because of delay, the application of the death penalty to defendant would serve no penological purpose and therefore violate the Eighth and Fourteenth Amendments. However, rather than declining to decide this issue,[4] the court finds that this aspect of the claim is also foreclosed by the reasoning in McKenzie v. Day, 57 F.3d 1493 (9th Cir. 1995).

37: Deprivation of right to select method of execution;

38B1, B2, B3, B4, B5, B6, B7, B8, B9: Ineffective assistance by trial counsel who represented petitioner during San Bernardino trial and conviction;

38C: Prosecutorial misconduct at San Bernardino trial;

---

[4] The issue affects the order on remand and cannot be avoided; if it was unconstitutional to execute petitioner because of the passage of time, then the court would not remand the case for further sentencing proceedings that could lead to the re-imposition of the death penalty.

8

38D: Court erred in denying motion for new counsel (San Bernardino trial);

38E: Court erred in disclosing defense investigative request (San Bernardino trial);

38F: Court erred in admitting hearsay (San Bernardino trial);

38G: Error by court and counsel in handling of juror note (San Bernardino trial);

38H: Prosecutorial misconduct in closing argument (San Bernardino trial);

38I: Erroneous jury instructions (San Bernardino trial);

38J: Insufficient evidence (San Bernardino conviction);

38K: San Bernardino County killing should not have been counted as a special circumstance because it occurred after the Shasta County murders.

////

////

////

////

////

////

////

////

////

////

////

////

////

////

1  For the reasons stated above and in the Findings and
2 Recommendations, as adopted, the court makes the following order:
3  Petitioner's second amended petition for a writ of habeas
4 corpus is granted as to the penalty phase on the basis of claims
5 4N1 and 4P.  The petition is denied in all other respects.
6 Petitioner's sentence of death shall be vacated and a lesser
7 sentence imposed that is consistent with state law, unless the
8 state commences a new penalty trial within ninety days of the
9 filed date of this order.
10  IT IS SO ORDERED.
11 Dated: January 10, 2006.

_____
DAVID F. LEVI
United States District Judge